### DAVID KONINGSBURG *v.* IGNATZ LAUNITZ.

Two partners, contemplating a dissolution of their partnership, agreed to divide their stock, and that the machinery belonging to them should be given to the party who would give the most for it. They accordingly separated the stock into two portions, allotting one to each; but before the arrangement was completed, one partner complained that some of the stock was missing, and a quarrel interrupted the execution of their design. One of the parties then left their place of business in charge of the other, caused a demand to be made for half of the property, and recovered the value thereof in a justice's court. *Held,* that the judgment was erroneous, in relation both to the stock and the machinery, and that enough had not been done to vest in the plaintiff a separate, exclusive property in the subject of the suit.

One partner or tenant in common of chattels, has no right to demand a delivery to himself of the whole or one half of the property. Both are entitled to the possession, and neither to the exclusive possession of the whole or of any part.

COURT OF COMMON PLEAS.

APPEAL from the fifth district court, where the plaintiff obtained judgment for half of the value of certain stock and machinery, which had been owned by the parties as copartners in the business of manufacturing chocolate. A termination of their partnership relation was agreed upon between them.

After the failure of a contemplated arrangement with regard to the partnership property, under the circumstances detailed in the opinion, the plaintiff left their place of business in charge of the defendant, caused a demand to be made for half of the stock and machinery, and sued the defendant for damages for detaining personal property.

*George Carpenter*, for appellant.

*S. Brown*, for respondent.

BY THE COURT. WOODRUFF, J.—There was in this case no final settlement or division between the partners. A proposition for a division of the property was made—both had assented to it, no doubt with a view to a dissolution; and a separation of chocolate on hand, into "two piles," was made. No delivery took place, nor was there any assumption of exclusive possession by either—but while the arrangement was executory and the performance *inchoate*, the parties quarreled about the books and about certain of the stock in trade which was alleged to be missing, and the settlement was interrupted.

Enough had not been done to vest in the plaintiff a separate, exclusive property in the chocolate and machinery sued for. They remained copartnership property. Whether a final settlement of their copartnership affairs was embraced within their proposed arrangement, does not very distinctly appear. But, taking the case most favorably for the plaintiff, they had agreed to divide the chocolate, and that the machinery should belong to the party who "would give the most for it." With a view to carrying this agreement into effect, they weighed the chocolate, dividing it into piles, allotting one to each, and

before they completed the business in hand a complaint is made that chocolate is missing. The plaintiff's mother carries away the book of entries, and a quarrel arises, interrupting the execution of their design, and nothing more is done.

There is nothing in the transaction showing nor justifying the belief that either of the parties intended to divide the chocolate without *also* determining which was to become the purchaser of the machinery; or that either would have consented that the other should carry away one half of the chocolate, leaving the machinery, which was the means by which the business was carried on, joint property. If this was to continue joint property, there was no reason for dividing the joint stock.

There is nothing in the term " allotted to each," indicating an ultimate separation, and vesting the exclusive property in the chocolate in the parties severally; it was an allotment in contemplation of the mutual performance of the whole agreement. The agreement, if any, was *entire*. To carry it into effect, they must *begin* with *some* subject; either by first bidding for and fixing the price of the machinery, or first weighing and dividing the chocolate. Whether they commenced with the one or the other, they must do *both* before the agreement was so far performed that either could insist upon a *separate* property in the chocolate, unless the other consented that he should take it into his separate possession. There is not the slightest evidence of an express agreement to divide the *chocolate only*, and the acts done with a view to the performance of the *entire* agreement do not show any such consent.

It is hardly necessary to say, as to the machinery, that one partner or tenant in common of chattels has no right to demand a delivery of the whole or one half of the property to himself, and maintain an action for its refusal—both are entitled to possession, and neither to the exclusive possession of the whole or any part. And neither is bound to give up possession to the other.

The judgment must be reversed.